UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-201 (JWB/LIB)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STEPHAN JEREMIAH HANSEN,

    Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and defendant Stephan Jeremiah Hansen (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.    **Charges**. The defendant agrees to plead guilty to Count 4 of the Indictment, which charges the defendant with Production and Attempted Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e). The defendant fully understands the nature and elements of the crime with which he has been charged. As part of this agreement, the Government agrees to move at sentencing to dismiss the remaining counts of the Indictment.

2.    **Factual Basis**. The defendant is pleading guilty because he is in fact guilty of Count 4 of the Indictment. In pleading guilty, the defendant admits the following facts

1

and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

Beginning at least as early as 2015, and lasting until at least 2022, the defendant engaged in a pattern of sexually abusing children in his care, including at various points at least six different children that were under his care, custody, and control. The defendant's conduct toward these children included removing their clothing; displaying their genitals; touching their genitals with his hands and/or penis; and taking photos and videos of this conduct with his cellular phone, which constituted child pornography. The child victims were approximately 2 years old to 12 years old at the time of the abuse.

On or about January 16, 2016, in the state and district of Minnesota, the defendant did employ, use, persuade, induce, and entice a minor female in his care, custody, and control (Minor Victim A) to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. Specifically, the defendant took a series of naked images of Minor Victim A that depicted the lascivious exhibition of her genitals. One of these images, with the file name IMG_6984.JPG, contained a close-up depiction of the genitals of Minor Victim A with the defendant's hand spreading her labia. As the defendant knew, Minor Victim A was 3 years old at the time. The defendant agrees that he produced this image for the purpose of sexual gratification, and that it constitutes child pornography. The defendant created this image with his Apple iPhone, which he agrees had been mailed, shipped, and transported in interstate and foreign commerce.

In spring and summer 2022, the defendant's iCloud account, residence, and electronic devices were searched by law enforcement, locating at least 250 total images of

child pornography (approximately 119 unique images of child pornography)—some produced by the defendant involving children in his care, some downloaded from the internet. In an interview with law enforcement in July 2022, the defendant admitted to engaging in the general conduct described above.

The defendant agrees that in committing the above conduct, he acted knowingly, intentionally, and with the understanding that his actions violated the law.

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that the defendant has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file any pretrial motions in this case.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to

3

counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Sex Offender Registration.** The defendant understands that by pleading guilty, defendant will likely be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he may be subject to federal, state, and/or tribal sex offender registration requirements and that those requirements may apply throughout his life. *See* 18 U.S.C. § 2250; 34 U.S.C. § 20929.

6. **Additional Consequences**. The defendant understands that as a result of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

7. **Statutory Penalties**. The defendant understands that Count 4 of the Indictment is a felony offense that carries the following statutory penalties:

    a.    a mandatory minimum imprisonment term of 15 years;

    b.    a maximum of 30 years in prison;

    c.    a supervised release term of at least 5 years, up to a maximum supervised release term of life;

    d.    a maximum fine of $250,000;

    e.    payment of mandatory restitution in an amount to be determined by the Court;

    f.    possible assessment to the defendant of the costs of prosecution, imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920;

    g.    a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A);

    h.    a mandatory payment of $5,000 to the Domestic Trafficking Victims' Fund if the defendant is found not to be indigent, pursuant to 18 U.S.C. § 3014; and

    i.    a mandatory payment of up to $50,000 pursuant to the Amy, Vicky, and Andy Victim of Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259A(a)(3).

8.    **Guidelines Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations. The parties stipulate to the following guidelines calculations:

    a.    <u>Base Offense Level.</u> The parties agree that the base offense level is **32**. U.S.S.G. § 2G2.1(a).

    b.    <u>Specific Offense Characteristics</u>. The parties agree to the application of the following specific-offense characteristics, which increase the base offense level as follows.

        (1) **4 levels** because the offense involved a prepubescent minor who had not attained the age of 12. U.S.S.G. § 2G2.1(b)(1)(A);

        (2) **2 levels** because the offense involved the commission of a sexual act or sexual contact. U.S.S.G. § 2G2.1(b)(2)(A);

        (3) **2 levels** because the minor involved in the offense was in the custody, care, and supervisory control of the defendant. U.S.S.G. § 2G2.1(b)(5).

The parties agree that no other specific offense characteristics apply.

c. Chapter 3 Adjustments. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

d. Chapter 4 Adjustments. Because the defendant engaged in a pattern of activity involving prohibited sexual conduct, the parties agree that **5 levels** are added. U.S.S.G. § 4B1.5(b)(2).

e. Acceptance of Responsibility. The Government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the Government of his intention to enter a plea of guilty, the Government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the Government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report.

f. Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category I. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this plea agreement. U.S.S.G. § 4A1.1.

g. Guidelines Range. If the adjusted offense level is 42, and the criminal history category is I, the Sentencing Guidelines range is 360 months

6

        to life imprisonment, which is capped by the 360-month statutory maximum, for a resulting **Guidelines range of 360 months in prison.**

    h.    <u>Fine Range</u>. If the adjusted offense level is 42, the Sentencing Guidelines fine range is $50,000–250,000. U.S.S.G. § 5E1.2.

    i.    <u>Supervised Release</u>. The Sentencing Guidelines acknowledge the statutory requirement that a term of supervised release of no less than five years and up to a life term be imposed, and recommend a lifetime term of supervision for the offense of conviction. U.S.S.G. § 5D1.2; 18 U.S.C. § 3583(k).

9.    **Revocation of Supervised Release.** The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

10.    **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. **However, the Court may not sentence the defendant below the 180-month statutory mandatory minimum, or above the 360-month statutory maximum.** If the Court or the Probation Office determines that the

7

applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

11. **Agreements as to Sentencing Recommendation.** The parties reserve the right to make a motion for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

12. **Dismissal of Pending State Case.** The parties acknowledge that the County Attorney's Office in Carlton County, Minnesota, has represented that, provided the defendant pleads guilty pursuant to this agreement, and following the imposition of sentence in this case, they will dismiss their pending case under Court File No. 09-CR-22-1209. The parties understand that this plea agreement is not binding on any State or local authorities, but simply memorializes their understanding. If Carlton County continues to pursue its charges, the defendant understands any remedy will lie in Carlton County District Court, and shall not be a basis for the defendant to withdraw his guilty plea in federal court.

13. **Special Assessments.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant also understands that, pursuant to 18 U.S.C. § 3014, he is liable for a mandatory payment of $5,000 to the Domestic

Trafficking Victims' Fund for each felony count of count of conviction if the defendant is found not to be indigent. Additionally, the Court may assess a payment of up to $50,000 pursuant to the Amy, Vicky, and Andy Victim of Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259A(a)(2), if the defendant is found not to be indigent. The defendant agrees that these assessments become due at the time of sentencing.

14.    **Restitution Agreement.**

(A) **Victim of Offense of Conviction**: The defendant understands and agrees that 18 U.S.C. § 2259 and 18 U.S.C. § 3663A (the Mandatory Victim Restitution Act) apply and that the Court is required to order the defendant to make restitution to the victim of the defendant's offense of Production of Child Pornography in the full amount of the victim's losses. The defendant agrees to pay restitution to Minor Victim A in an amount to be determined no later than 30 days prior to sentencing.

(B) **Agreed Upon Restitution; Child Pornography**: Pursuant to 18 U.S.C. § 3663A(a)(3), the defendant agrees to pay restitution to any individual whose child pornography image or video he produced, possessed, distributed, received, or trafficked, as determined in the course of the investigation or by the National Center for Missing and Exploited Children, regardless of whether the defendant is pleading guilty to having produced, trafficked, or possessed images of said victim. The parties agree that the amount of restitution owed under this subparagraph will be determined using 18 U.S.C. § 2259 to reflect the full amount of victim losses. The defendant understands that the restitution amount for any individuals covered under § 2259(b)(2) shall be no less than $3,000 per individual, provided this amount does not exceed the full amount of the victim's

9

demonstrated losses. The parties agree that the amount of restitution owed under this subparagraph will be determined no later than 30 days prior to sentencing.

15. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution, fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate his ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

16. **Forfeiture.** Pursuant to 18 U.S.C. § 2253(a), the defendant understands and agrees that the following property is subject to forfeiture:

    a. any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, data disc, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110, United States Code;

  b.  any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and

  c.  any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property, including the following property: an iPhone 11 Pro Max in a black case, seized from the defendant on March 23, 2022, and the following property seized from the defendant on July 6, 2022: one red HP ProBook laptop, and one blue Samsung S22 Ultra cellular device in a blue case.

17. **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by the defendant of the substantive reasonableness of a sentence above 300 months' imprisonment. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

In addition, the United States waives its right to appeal the sentence imposed unless the sentence is below 300 months' imprisonment.

11

18.  **FOIA Requests.**  The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

19.  **Complete Agreement.**  The defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his attorney. The defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

Date: 9/26/23

ANDREW M. LUGER
United States Attorney

BY: RUTH S. SHNIDER
Assistant United States Attorney

Date: 9/26/23

STEPHAN JEREMIAH HANSEN
Defendant

Date: 9/26/23

TOM SHIAH
Counsel for Defendant

12